JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-01353-JLS-JDE                                Date: September 27, 2017
Title: Pacific Hospitality Group Ventures, Inc. et al. v. NewcrestImage Holdings, LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                              N/A
   Deputy Clerk                                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

          Not Present                                         Not Present

**PROCEEDINGS:**    **(IN CHAMBERS) ORDER (1) GRANTING PLAINTIFFS' MOTION TO REMAND, (2) DENYING DEFENDANTS' MOTION TO DROP, AND (3) AWARDING ATTORNEYS' FEES (Docs. 22, 23)**

     Before the Court are (1) Plaintiff Pacific Hospitality Group Ventures, Inc. and Cotton Exchange Investment Properties, LLC's Motion to Remand (Remand Mot., Doc. 22) and (2) a Motion to Drop filed by Defendant NewcrestImage Holdings, LLC; NewcrestImage Management, LLC; NewcrestImage, LLC; Mehul Patel; and Daxesh Patel (Drop Mot., Doc. 23). The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for September 29, 2017, at 2:30 p.m. is VACATED. For the reasons set forth below, the Court GRANTS Plaintiffs' Motion for Remand and DENIES Defendants' Motion to Drop.

## I.     BACKGROUND

     Plaintiffs filed this suit on July 3, 2017 in Orange County Superior Court, alleging that Defendants made material misstatements and omissions regarding the quality of renovations that contractors performed on the Cotton Exchange Building, a hotel located in New Orleans, before the hotel was sold to Plaintiffs. (Compl. ¶¶ 23–28, 30–37, 41–47, Exh. A, Doc. 1-1.) Defendants in this suit allegedly controlled Supreme Bright New Orleans, LLC, which entered into the original Purchase and Sale Agreement with Pacific Hospitality Group on June 2, 2015. (*Id.* ¶¶ 19, 38; *see* Purchase and Sale Agreement,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-01353-JLS-JDE                                    Date:  September 27, 2017
Title: Pacific Hospitality Group Ventures, Inc. et al. v. NewcrestImage Holdings, LLC et al.

Exh. A, Doc. 25.)  Before the closing date on the transaction, Pacific Hospitality Group assigned its "right, title, and interest" in the Purchase and Sale Agreement to Cotton Exchange with Supreme Bright New Orleans's consent.  (Compl. ¶ 39; *see* Assignment, Exh. C, Doc. 25.)  Cotton Exchange then entered a Second Amendment to the Purchase and Sale Agreement with Supreme Bright New Orleans on August 18, 2015.  (*See* Second Amendment, Exh. D, Doc. 25.)  The Complaint advances claims for: (1) intentional misrepresentation, (2) negligent misrepresentation, (3) concealment, (4) avoidance of an actually fraudulent transfer, and (5) avoidance of a constructively fraudulent transfer.  (Compl. ¶¶ 48–88.)

On August 8, 2017, Defendants removed this case federal court, averring, "On information and belief, none of the members of Cotton Exchange Ventures, LLC"—which is the sole member of Plaintiff Cotton Exchange—"is a citizen of Texas."  (Notice of Removal at 2, Doc. 1.)   Fifteen days later, Plaintiffs' Counsel provided Defense Counsel with evidence showing that one of Cotton Exchange Ventures' members was, in fact, a citizen of Texas, but Defense Counsel refused to stipulate to a remand.  (Gans Decl. ¶ 6, Doc. 22-1; Gans Email and Attachments, Exh. A, Doc. 22-1.)  This timely Motion to Remand followed.  (Remand Mot.)

## II.    LEGAL STANDARD

Generally, subject matter jurisdiction is based on the presence of a federal question, see 28 U.S.C. § 1331, or complete diversity between the parties, see 28 U.S.C. § 1332. Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  "However, it is to be presumed that a cause lies outside [the] limited jurisdiction of [the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)).  There is a "strong presumption" against removal jurisdiction, and courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In establishing diversity jurisdiction, "one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined."

___
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-01353-JLS-JDE                                              Date: September 27, 2017
Title: Pacific Hospitality Group Ventures, Inc. et al. v. NewcrestImage Holdings, LLC et al.

*Hunter*, 582 F.3d at 1043 (citation and internal quotation marks omitted). "In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity." *Id.* A removing defendant bears the "heavy burden" of overcoming "both the strong presumption against removal jurisdiction and the 'general presumption against fraudulent joinder.'" *Hunter*, 582 F.3d at 1046; *Wilson-Condon v. Allstate Indem. Co.*, No. CV 11–05538 GAF (PJWx), 2011 WL 3439272, at *2 (C.D. Cal. Aug. 4, 2011). "Fraudulent joinder must be proven by clear and convincing evidence," *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), and a reviewing court "must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party," *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1052 (C.D. Cal. 2013). Only "if there is [no] possibility that a state court would find that the complaint states a cause of action against any of the resident defendants," *Hunter*, 582 F.3d at 1046 (citation omitted) (emphasis added), and "the failure is obvious according to the settled rules of the state," *McCabe*, 811 F.2d at 1339, may a district court retain jurisdiction. "In other words, the case must be remanded 'unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency.'" *Wilson-Condon*, 2011 WL 3439272, at *2 (quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)). "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339.

### III. DISCUSSION

#### A. Plaintiffs' Motion to Remand

In this case, there is no dispute that, as a plaintiff, Cotton Exchange defeats diversity jurisdiction with the Texan Defendants. As a limited liability corporation, Cotton Exchange "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) ("So long as such an entity is unincorporated, we apply our 'oft-repeated rule' that it possesses the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-01353-JLS-JDE                                                  Date:  September 27, 2017
Title: Pacific Hospitality Group Ventures, Inc. et al. v. NewcrestImage Holdings, LLC et al.

citizenship of all its members.").  The citizenship of a party is measured as of the commencement of the action, and post-filing changes in that party's citizenship cannot create or destroy diversity jurisdiction.  *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571, 582 (2004).  At the time of filing suit, Cotton Exchange's sole member, Cotton Exchange Ventures, LLC, was a Texan citizen.  (Zand Decl. ¶ 3, Doc. 38.)  As a result, Cotton Exchange was likewise a citizen of Texas.

Defendants' Motion to Drop is premised on the rather fundamental misconception that this court can, in response to a timely filed motion to remand, simply drop a party with inconvenient citizenship under Rule 21 to rectify an improper removal.  A Rule 21 motion can be used only in the rare circumstance where a district court erroneously denies a motion to remand or overlooks a jurisdictional defect and the case proceeds, often to a judgment, before the district court's mistake is corrected.  *Grupo Dataflux*, 541 U.S. at 573; *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989).  To prevent the district court's error from turning into a tremendous waste of judicial and private resources, a court may "cure a jurisdictional defect by dismissing a dispensable nondiverse party."  *Grupo Dataflux*, 541 U.S. at 573.  But, quite obviously, the possibility of this jurisdictional band-aid does not give district courts license to incorrectly decide motions to remand in the first place.  As the Supreme Court observed in *Caterpillar Inc. v. Lewis* when endorsing this procedure, "The well-advised defendant . . . will foresee the likely outcome of an unwarranted removal—a swift and nonreviewable remand order, *see* 28 U.S.C. §§ 1447(c), (d), attended by the displeasure of a district court whose authority has been improperly invoked."  519 U.S. 61, 77–78 (1996).

Because the remand motion was timely filed and this case remains in its infancy, the only potentially applicable way this Court may ignore Cotton Exchange's citizenship is the fraudulent joinder doctrine.  *See, e.g.*, *Lozano v. Harless*, No. 1:10-CV-00194-LJO-GSA, 2010 WL 1239211, at *4 (E.D. Cal. Mar. 26, 2010) (finding that a defendant was not fraudulently joined and then denying motion to drop for lack of subject matter jurisdiction).  This very narrow rule discounts a party's citizenship where there is no "possibility" that it has a valid pleaded claim or could be held liable under any claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-01353-JLS-JDE					Date:  September 27, 2017
Title: Pacific Hospitality Group Ventures, Inc. et al. v. NewcrestImage Holdings, LLC et al.

alleged against it, after resolving all doubts about the facts and substantive law in favor of the disputed party.  *See Dodson*, 951 F.2d at 42; *Onelum*, 948 F. Supp. 2d at 1052.

Defendants never made a fraudulent joinder argument in their papers, and even if the Court were to construe Defendants' Motion to Drop as such, Cotton Exchange is clearly a proper party.  Under California law, "a defendant cannot escape liability if he or she makes a representation to one person while intending or having reason to expect that it will be repeated to and acted upon by the plaintiff (or someone in the class of persons of which plaintiff is a member)."  *Shapiro v. Sutherland*, 76 Cal. Rptr. 2d 101 (Cal. 1998).  The purchase of the Cotton Exchange building closed after Supreme Bright New Orleans not only consented to Cotton Exchange's assumption of the agreement but also entered into the Second Amendment to it with Cotton Exchange.  (*See* Assignment, Exh. C; Second Amendment, Exh. D.)  The Complaint alleges that Defendants made both affirmative misrepresentations and fraudulently concealed defects with the hotel.  (*See, e.g.*, Compl. ¶¶ 27, 47 (alleging that Defendants painted over mold damage and Patel admitted that Defendants put "lipstick on a pig").)  Thus, resolving all legal and factual ambiguities in favor of Cotton Exchange, there is more than a "possibility" that it may have a valid claim against Defendants.  Because Cotton Exchange was properly joined, this suit is REMANDED to Orange County Superior Court, Case No. 30-2017-00929381-CU-NP-CJC.

### B. Plaintiffs' Request for Attorney's Fees

In adopting 1447(c)'s fee-shifting provision, Congress recognized that "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).  Although courts generally "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal[,]" this standard does not require a plaintiff to show that the removal was "frivolous, unreasonable, or without foundation."  *Id.* at 138, 141.

When Defendants removed this action, binding circuit authority held that a limited liability company takes the citizenship of all its owners or members, and a recent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01353-JLS-JDE                                         Date: September 27, 2017
Title: Pacific Hospitality Group Ventures, Inc. et al. v. NewcrestImage Holdings, LLC et al.

Supreme Court decision had essentially confirmed the approach taken by this (and every other) circuit. *Johnson*, 437 F.3d at 899; *see Americold Realty Tr.*, 136 S. Ct. at 1015. Plaintiffs' Complaint did not plead the citizenship of Cotton Exchange's members or owners, and Defendants had no information about its citizenship.[1] Yet Defendants filed a Notice of Removal, averring, "On information and belief, none of the members of Cotton Exchange Ventures, LLC is a citizen of Texas." (Notice of Removal at 2.) If Defendants wished to determine whether this suit was removable, the proper course would have been to propound interrogatories or otherwise obtain some support for this assertion *before* removing. The receipt of information suggesting that the parties were completely diverse would have triggered the thirty-day deadline to remove. *See* 28 U.S.C. § 1446 ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper from which it may first be ascertained that the case is one which is or has become removable*" (emphasis added)); *cf. Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253–54 (9th Cir. 2006) (holding that "a federal officer defendant's thirty days to remove commence a case does not become removable under the federal officer removal statute until when the plaintiff discloses sufficient facts for federal officer removal"). Rather than conducting a reasonable pre-removal investigation, Defendants removed this suit to determine whether it was properly removable.

      Defendants' post-removal conduct further militates in favor of awarding attorneys' fees. Instead of stipulating to a remand after Plaintiffs' Counsel informed Defendants' Counsel that Cotton Exchange had a Texan member, Defendants filed their Motion to Drop, which—as discussed already—contravenes fundamental principles regarding removal and remand. (Gans Decl. ¶ 6; Gans Email and Attachments, Exh. A.) Tellingly, Defendants did not raise their Rule 21 arguments in their Notice of Removal, suggesting that these arguments were developed after removal in a final effort to resist remand.

---

[1] Defendants suggest that Plaintiffs somehow acted improperly by failing to plead the citizenship of all of Cotton Exchange's members. (Remand Opp'n at 10–11.) In filing a state court complaint, however, Plaintiffs had no obligation to plead this information, which is irrelevant for state law purposes and often sensitive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-01353-JLS-JDE　　　　　　　　　　　　　　　　Date: September 27, 2017
Title: Pacific Hospitality Group Ventures, Inc. et al. v. NewcrestImage Holdings, LLC et al.

Because Defendants lacked an objectively reasonable basis to remove this action and, through their post-removal conduct, forced Plaintiffs to expend a substantial sum in attorneys' fees and costs, a 1447(c) award is appropriate. "Courts in the Ninth Circuit calculate attorney's fees using the lodestar method, whereby a court multiplies 'the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 14-CV-05142-LHK, 2016 WL 4762273, at *2 (N.D. Cal. Sept. 13, 2016) (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)). The party seeking attorneys' fees bears the initial burden of establishing their reasonableness. *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). A district court may also rely on its "knowledge of customary rates and . . . experience concerning reasonable and proper fees." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). In their declaration, Plaintiffs affirm they have spent $975 on *pro hac vice* applications, $74.25 to obtain certificates of good standing, and $12,620 in attorneys' fees. (Gans Decl. ¶ 9.) Gans, a partner at Pillsbury, submits a declaration breaking down by task the hours he has billed as a result of Defendants' improper removal. (*Id.* ¶ 7.) He also submits the time billed by Nathan Spatz and Laura Freid-Studlo, although their hours are not broken down by task. (*Id.* ¶¶ 11–12.) Counsel billed their time at $720, $785, and $710 respectively. (*Id.* ¶¶ 8, 11–12.) Typically, the Court would deduct twenty percent of Spatz and Freid-Studlo's hours due to the block-billed declaration, *see, e.g.*, *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 967 n.11 (N.D. Cal. 2014), but the Court exercises its discretion not to do so here because Plaintiffs' declaration does not account for the additional time spent drafting an opposition to Defendants' Motion to Drop. The Court finds the requested amount otherwise reasonable, and Defendants do not object to the rates or hours billed. Thus, the Court GRANTS Plaintiffs $13,669.25 in attorneys' fees and costs.

## IV.　CONCLUSION

In sum, the Court GRANTS Plaintiffs' Motion to Remand. This case is REMANDED to Orange County Superior Court, Case No. 30-2017-00929381. Defendants are ORDERED to pay Plaintiffs $13,669.25 in attorneys' fees and costs within thirty (30) days of this Order.